IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAMONI CLEMON )
)
VS )
)
JOHN ATTEBERRY, )    06-3195
et, al )
)
)

FILED
SEP -1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MOTION FOR APPOINTMENT OF COUNSEL

Now comes DAMONI Clemon (Hereinafter, Plaintiff), Pro Se and via a Jail House Lawyer, respectfully move this Honorable Court to appoint Counsel to represent Plaintiff in the above entitled cause. In support thereof, Plaintiff states as following:

I
STANDARD OF REVIEW

1. The authority for a U S. Distrct Court to appoint Counsel for judgements in Civil cases is derived from 28 U.S.C. Section 1915(d), See also Macklin v. Freake, 650 F. 2d 885,886 (7th Cir 1981), also Hodge v. Police Officers, 802 F2d 58,60 (2nd Cir 1986). The District Court has broad discretion in determining whether to appoint Counsel, "Is to be guided by sound legal principals"

In Civil Rights Complaints, Counsel must be appointed for qualified indigents when a hearing is required or when the Court deems appointment is necessary in the interest of justice.

In Macklin, 650 F.2d, at 887-89, The Seventh Circuit set out a non exhaustive list of five factors to consider when deciding a MOtion For The Appointment Of Counsel: 1) The merits of Plaintiff's claims; 2) Whether Plaintiff can investigate crucial facts; 2) Whether the trained Counsel will better expose the truth; 4) The Plaintiff's ability to present the case; and 5) The complexity of the relevant legal issues; more recently however The Seventh Circuit stated that the necesssary inquiry is simpler than the multifactorial approach used in Macklin. Farmer v. Hass, 990 F.2d 319 322

(7th Cir) Cert denied 510 U.S.963 (1993).

The Farmer Court determined that the necessary inquiry is whether "The Plaintiff appear[s] to be competent to try the case himself and if not would the would the presence of Counsel [make] a difference in the outcome? Id.see also Zarnes v. Rhodes, 64 F.3d 285,288 (7th Cir 1995).

Appointment of Counsel is, therefore, appropriate if the difficultyof the issu relevent to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of counsel, and he could not obtain a lawyer on his own, Farmer, 990 F.2d 322; Jackson v. County of Mclean, 953 F.2d 107( 72-73 (7th Cir 1992).

## II

> Plaintiff has an intelligence quotient of a nine year old child and is incapable of prosecuting thiscase before this Honorable Court and has been represented thus far by jail house lawyer. The one law clerk that is assigned to the law library is usually busy trying to assist the entire line. At times I have no one to help me and must sekk help from anyone who will help me .

While Plaintiff's Civil Rights Complaint filed in this Court thus far might have demonstrated that he is knowledgeable of Section 1983, Plaintiff's Civil Rights Complaint was drafted by a jail house lawyer who is soon to be released and will no longer be able to assist Plaintiff in responding to any of the Defendants motions. Plaintiff has absolutely no formal education, see attached hereto as "A", Plaintiff has no legal skills or knowledge with which he could meaningfully prosecute this cause on his own, The factual and legal issues involved in this case are unusually complex, especially in light of Plaintiff's limited education.

The claims advanced by Plaintiff in connection with the above entitled cause is meritorious and definately requires the skills and knowledge of a trained professional to effectively prosecute the claim before this Honorable Court.

Certainly, the ends of Justice would best be served in this case where both sides were represented by counsel rained in the areas of law, so as to bring to bare the

the skills and knowledge that would render these proceedings a reliable testing process.

Wherefore, Plaintiff, via a jail house lawyer, respectfully request this Honorable Court to enter an order appointing Counsel to represent the Plaintiff.

x_____
Reg. No K83753
R.R. #4 Box 196
Mount Sterling Il 62353

3